UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

AUBREY ANTONE WALLER,

    Petitioner,

V.

J.A. BARNHART, Warden,

    Respondent.

Civil Action No. 6:19-cv-33-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Aubrey Antone Waller is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Waller recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] For the reasons set forth below, Waller's petition will be denied.

In late 2003 in Cleveland, Ohio, Petitioner Waller and a co-defendant carjacked an FBI witness named Darnell Lestor at gunpoint and held him for ransom. A meeting to exchange Lestor for the ransom was organized, and during the meeting, shots were fired and two individuals, including Lestor, were killed. Waller was indicted for a laundry list of crimes, and the case went to trial in the Northern District of Ohio. Waller's first trial resulted in a mistrial after a spectator's outburst interrupted a witness's testimony. However, at the end of the second trial, the jury found Walter guilty on seven of the nine charges pending against him. In 2005, Waller was sentenced to a total term of 684 months of imprisonment for the following offenses:

- Count 1: carjacking in violation of 18 U.S.C. § 2119 and 2;
- Count 2: carrying and using a firearm during and in relation to carjacking in

- Counts 3-6: attempting to murder and/or assault four FBI agents while they were engaged in their official duties, in violation of 18 U.S.C. § 1114 and 2; and

- Count 9: carrying and using a firearm in relation to attempted murder of a federal officer, in violation of 18 U.S.C. § 1114 and 2.

*See United States v. Waller*, Case No. 1:04-cr-13-DCN, (N.D. Ohio 2010), [R. 330, therein]. Waller appealed, but the Sixth Circuit Court of Appeals affirmed the trial court's judgment. Waller also sought relief under 28 U.S.C. § 2255, but that request for relief was denied in 2010. [*Id.*] Years later, Waller filed a motion for relief from judgment under Rule 60(b), but the trial court and Sixth Circuit denied that motion as well as Waller's request for a certificate of appealability. [*See id.* at R. 364, therein.] Waller now seeks relief in this Court by way of a 28 U.S.C. § 2241 petition, which is before the Court for a preliminary screening pursuant to 28 U.S.C. § 2243. [*See* R. 1.]

Upon the Court's initial screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Waller's petition under a more lenient standard because he is proceeding without an attorney, and at this stage of the proceedings, the Court accepts Waller's factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition, Waller sets forth nine grounds for habeas relief. He argues, among other things, that he was "never given notice of [his] charge or given an opportunity to defend [himself] against it"; that the trial court sentenced him to a crime other than the crimes for which he was

2

found guilty by the jury; that hearsay was wrongfully admitted during his trial; and that he is "actually innocent of attempted murder." [*See* R. 1.] Unfortunately for Waller, these are all challenges to the legality of his conviction and sentence which may not be litigated by way of the present 28 U.S.C. § 2241 petition.

Challenges to the legality of a federal prisoner's conviction and/or sentence must generally be brought via a 28 U.S.C. § 2255 motion, not a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To be sure, exceptions exist under which a federal prisoner may challenge the validity of a conviction or sentence in a § 2241 proceeding. But these exceptions are limited. The Sixth Circuit has explained that a prisoner can only challenge the validity of his sentence by way of § 2241 if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Upon review of Waller's § 2241 petition, the Court concludes that Waller's petition challenges the underlying conviction and sentence he actually received, not the manner in which his sentence is being executed. [*See* R. 1.] Further, Waller has not demonstrated that either of the exceptions articulated above exist in his case. Although Waller claims he is "actually innocent" of attempted murder, he fails to demonstrate that there have been any intervening changes in statutory law since the time he was convicted and sentenced for that charge, such that his case would trigger review under *Wooten v. Cauley*. *See* 677 F.3d at 307-08. In the end, Waller's entire

petition attempts to litigate arguments that he needed to make on direct appeal in his Northern District of Ohio case or in a § 2255 proceeding. His petition is, therefore, properly denied.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Waller's petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment will be entered contemporaneously herewith.

Dated February 12, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY